UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Olaf Beckmann, | Case No. 23-CV-1083 (JMB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Equifax Information Services LLC, Experian Information Solutions, Inc., | |
| Defendants. | |

---

This matter is before the Court on a request entitled Stipulation for Dismissal ("Document"), which was filed by Plaintiff Olaf Beckmann's counsel on April 17, 2024.[1] (Doc. No. 30.) In the Document, Mr. Beckmann's counsel seeks to dismiss Mr. Beckmann's Fair Credit Reporting Act (FCRA) claims against Defendant Experian Information Services, LLC (Experian) under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The Court declines to dismiss the Complaint as requested in the Stipulation for the reasons set forth below.

On March 13, 2024, Mr. Beckmann's counsel, David Madgett, informed the Court by letter that his client is deceased. (*See* Doc. No. 22.) Mr. Beckmann's FCRA claims against Experian and Defendant Equifax Information Services LLC (Equifax) were not extinguished by the fact of his passing. *See, e.g.*, *Pena v. Experian Info. Solutions, Inc.*,

---

[1] The Court notes that this document is not actually a stipulation because it lacks a signature from Experian's counsel.

1

No. 8:22-CV-01115-SSS-GJx, 2023 WL 4680807, at *2 (C.D. Cal. June 8, 2023) (concluding that remedial nature of FCRA means that such claims survive plaintiff's death); *Biatiu v. Specialized Loan Servicing LLC*, No. 19-CV-822 (RA), 2019 WL 5448702, at *1-2 (S.D.N.Y. Oct. 24, 2019) (same); *Irvin-Jones v. Equifax Info. Servs., LLC*, No. H-18-3224, 2019 WL 4394684, at *2 (S.D. Tex. Sept. 13, 2019) (same). Unlike Mr. Beckmann's FCRA claims, Mr. Madgett's authority to act on Mr. Beckmann's behalf was extinguished upon Mr. Beckmann's passing. *See* Restatement (Third) of the Law Governing Lawyers § 31 (2000); *see also In re Johnson*, 402 B.R. 313, 314 (B.A.P. 8th Cir. 2009). As a result, Mr. Madgett lacks the authority to stipulate to the dismissal of Mr. Beckmann's claims under Rule 41 or otherwise. Therefore, the Court denies the request made by Mr. Madgett in the Document.

In the event a party passes away while their claims are pending, Federal Rule of Civil Procedure 25 governs the Court's procedures. It provides, in relevant part, as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); *see also* Fed. R. Civ. P. 25(a)(3). The 90-day clock noted in Rule 25(a)(1) does not begin to run unless and until the following two things happen: (1) a "formal suggestion of death" has been filed with the Court; and (2) a "statement noting the death" has been served on the deceased party's next-of-kin in the manner prescribed by Rule 4. *E.g.*, *Younts v. Fremont Cty., Iowa*, 370 F.3d 748, 752 (8th Cir. 2004); *Leekley-*

2

*Winslow v. Fairview Health Servs.*, No. 19-CV-0587 (SRN/KMM), No. 15-622 (ADM/FLN), 2020 WL 3118976, at *1 (D. Minn. June 12, 2020) (noting two-step process under Fed. R. Civ. P. 25(a)); *Wahiid v. Wakeman*, 2015 WL 8781537, at *1 (D. Minn. Nov. 24, 2015), adopted (D. Minn. Dec. 14, 2020) (same).

A review of the docket indicates that on March 13, 2024, Mr. Madgett filed a letter noting Mr. Beckmann's passing (Doc. No. 22), which satisfied the first step in Rule 25(a)'s two-step process. However, the second step—requiring service on Mr. Beckmann's next-of-kin of a statement noting his death—is yet unsatisfied. In the March 13 letter, Mr. Madgett briefly mentions his unsuccessful attempts to contact Mr. Beckmann's next-of-kin. (*Id.*) In addition, in an April 16 letter filed in response to the Magistrate Judge's Order to Show Cause, Mr. Madgett did not provide any concrete updates or further information related to his attempts to contact Mr. Beckmann's next-of-kin except to note the following:

> [O]n Thursday April 11th I contacted counsel for Experian, the sole remaining Defendant,[2] with a request to dismiss this matter without prejudice. I received a response to my request on the afternoon of Monday April 15 at which time I immediately prepared and filed the agreed documents. This should serve as a suitable resolution for all parties involved while providing the executor of Mr. Beckmann's estate the opportunity to timely pursue these claims should it be deemed to be in the best interest of the estate.

(Doc. No. 29 at 1.) The Court has not received any concrete information suggesting that Mr. Beckmann's next-of-kin have been properly served with notice as required by Fed. R.

---

[2] The Court notes that Experian is not the sole remaining Defendant in this matter. Mr. Beckmann also had FCRA claims against Equifax, which the Court has never dismissed.

3

Civ. P. 25(a)(3). Unless and until Rule 25 has been complied with, the Court is unable to substitute any other party for Mr. Beckmann.

Therefore, IT IS HEREBY ORDERED that:

**a.** All proceedings in this matter are STAYED for 30 days.

    **i.** During this 30-day period, Mr. Madgett shall take reasonable steps, consistent with Rule 25(a)(3), to serve a formal statement noting Mr. Beckmann's death upon the appropriate person or persons.

    **ii.** Prior to the expiration of this 30-day period, Mr. Madgett shall file a letter with the Court that notifies the Court of successful service upon Mr. Beckmann's next-of-kin; or, if Mr. Madgett cannot complete the service required by Rule 25(a)(3), counsel shall provide a detailed explanation to the Court of the efforts undertaken to identify and serve Mr. Beckmann's next-of-kin.

Dated: April 23, 2024

/s/ Jeffrey M. Bryan
Judge Jeffrey M. Bryan
United States District Court